IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. KEVIN J. NOHELTY, )
)
    Plaintiff, ) Case No.:
)
vs. )
)
LINCOLNWOOD SCHOOL DISTRICT # )
)
74, SCOTT L. ANDERSON, JOHN P. )
)
VRANAS, KEVIN DALY and GEORJEAN
HELPAS-NICKELL,

    Defendants

## VERIFIED COMPLAINT

Now comes the plaintiff, Dr. Kevin J. Nohelty ("Nohelty"), by and through his attorney, Steven Glink, and complaining against the defendants, Lincolnwood School District # 74, Scott L. Anderson, John P. Vranas, Kevin Daly and Georjean Helpas-Nickell all members of the Board of Education for Lincolnwood School District # 74("BOE"), and states as follows:

## JURISDICTION

1. This action is brought pursuant to 42 USC 1983 for the abuse of power by certain members of the Lincolnwood School District # 74 who conspired to prosecute Kevin Nohelty on false charges of alleged misconduct as a means to terminate his valid employment contract a year before it expired. There are also several pendent state claims.

2. Jurisdiction is proper pursuant to 28 USC 1331.

3. Venue is proper pursuant to 28 USC 1392. At all times relevant to this complaint,

## THE PARTIES

4. At all times relevant to this complaint, Nohelty was employed by the BOE as the school district's Assistant Superintendent of Business and had a valid and enforceable employment contract.

5. At all times relevant to this complaint, Anderson, Vranas, Daley and Helpas-Nickell were duly elected and/or appointed members of the Lincolnwood School District # 74 BOE.

6. At all times relevant to this complaint, Lincolnwood School District # 74 was a body politic operated and organized pursuant to the laws of the State of Illinois and specifically the Illinois School Code.

7. At all times relevant to this complaint, defendants Anderson, Vranas, Daley and Helpas-Nickell operated under the color of law provided to them by their office.

8. Anderson, Vranas, Daly and Helpas-Nickell are sued in their individual and official capacities.

9. At all times relevant to this complaint, Nohelty was a resident of Cook County, Illinois.

10. At all times relevant to this complaint, the principal place of business for the Lincolnwood School District # 74 was Cook County, Illinois.

11. On information and belief, all individual defendants are residents of Cook County, Illinois.

## FACTS APPLICABLE TO ALL COUNTS

12. On January 21, 2012, the BOE and Nohelty agreed to a new employment agreement that re-employed Nohelty as the Assistant Superintendent for Business from July 1, 2012 through June 30, 2013 (a copy of said agreement is attached hereto as exhibit A).

13. At the time that the above-referenced agreement was approved by the BOE, the political majority of the BOE supported Nohelty.

14. At all times relevant to this complaint, Nohelty performed his duties properly as required by his employment agreement and would have met the reasonable expectations of an impartial employer (a copy of Nohelty's annual performance evaluation, dated January 19, 2012 is attached as exhibit B).

15. Starting in approximately October 2011, the BOE and the Superintendent at that time, Mark Klaisner, came under substantial public scrutiny for questionable spending practices.

16. This public scrutiny led to the resignation of several members of the BOE...

17. With the resignation of certain members of the BOE, a new political majority was formed.

18. On or about March 9, 2012, the new majority of the BOE asked Nohelty, Klaisner and the other assistant superintendent (Susan Brandt) for their resignations. Klaisner agreed to submit his resignation and Brandt opted to retire under pressure. Nohelty declined because he believed that his job performance was appropriate.

19. Immediately after Nohelty declined to resign, the BOE placed him on an unspecified paid administrative leave of absence. No allegations or charges of any kind were filed or mentioned at that time.

20. On information and belief, the new majority of the BOE directed their lawyer and/ or the superintendent to find any purported legal basis to terminate Nohelty's new employment agreement.

21. On May 29, 2012, Interim Superintendent Dr. Kenneth Cull sent Nohelty a letter directing Nohelty to meet for the sole purpose of serving "…a bill of particulars justifying your dismissal…" on Nohelty (a copy of said letter is attached hereto as exhibit C).

22. Nohelty and his counsel met with Cull on May 31, 2012 as directed. At that time, Nohelty was served with a Bill of Particulars (a copy of which is attached hereto as exhibit D).

23. On or about June 8, 2012, Nohelty was served with an Amended Bill of Particulars through his counsel (a copy of which is attached hereto as exhibit E).

24. A pre-termination hearing was held on June 12, 2012.

25. After the pre-termination hearing, a majority of the BOE voted 4-0 to dismiss Nohelty as a district employee. The 4-0 vote was made by the individual defendants and represented the new BOE majority.

26. This vote by the BOE also terminated Nohelty's renewed employment agreement (exhibit A).

27. At the time that Nohelty was served with the Bills of Particulars and had the pre-termination hearing, he had never been reprimanded, warned, questions or disciplined in any manner by his employer for anything let alone the conduct that was the subject of the original bill of particulars and/or the amended bill of particulars.

## COUNT I-VIOLATION OF CIVIL RIGHTS

28. Plaintiff realleges all allegations contained in paragraphs 1-27 above as his allegations for this count.

29. The defendants knew at all times that there was no factual and/or legal basis for the charges against Nohelty.

30. The defendants prosecuted these false charges against Nohelty in retaliation for his refusal to resign from his position AND in retaliation for Nohelty's refusal to voluntarily terminate his employment contract as demanded by the individual defendants.

31. Nohelty's conduct did not constitute "cause for termination" as that term is used in the employment agreement.

32. The defendants denied Nohelty of a fair hearing on the charges because they had already decided to find him guilty of the charges and to terminate his employment immediately and prospectively before they actually heard any testimony and/or received any evidence (i.e., pre-determination).

33. The individual defendants acted with malice in preferring these charges, in prosecuting these charges without probable cause and in terminating Nohelty's employment simply as a means to void an otherwise valid employment contract.

WHEREFORE, plaintiff respectfully prays that this Honorable Court conduct a trial on the merits of this case and enter a judgment against all defendants, jointly and severally in an amount in excess of $250,000.00 plus costs and reasonable attorney's fees.

## II    BREACH OF CONTRACT

34. Plaintiff realleges all of his allegations contained in paragraphs 1-33 above as his allegation for this paragraph and said allegations are hereby incorporated by reference.

35. The board acted arbitrarily and capriciously in this matter because:

    - The charges preferred by the defendants were false and without probable cause to believe that Nohelty was guilty of any cause for termination

    - The defendants used their powers provided by law to fabricate misconduct charges against Nohelty solely in an effort to void his employment agreement that was approved by the predecessor BOE;

    - The defendants did not give Nohelty a fair hearing as the new majority had already made up its mind to terminate Nohelty's employment before the hearing even started (i.e., pre-determination);

    - The defendants filed and prosecuted charges against Nohelty in retaliation for his refusal to resign as demanded;

- The evidence adduced at Nohelty's pre-termination hearing did not support the defendants' finding that he committed any act that was detrimental to the best interests of the District. Nor did the evidence establish that Nohelty failed to comply with the terms and conditions of his employment contract.

36. By virtue of the above, the defendants breached Nohelty's employment contract, causing him to lose the salary and benefits guaranteed by the contract.

WHEREFORE, plaintiff respectfully prays that the Court find that the defendants breached the employment contract and assess all damages as proven by the evidence.

## COUNT III-PETITION FOR WRIT OF CERTIORARI or COMPLAINT FOR ADMINSITRATIVE REVIEW

37. Plaintiff realleges his allegations contained in paragraphs 1-36 above as his allegations for this count and said allegations are incorporated by reference herein.

38. By law, the defendants' decision is reviewable either under the Administrative Review Act or via a Petition for a Common Law Writ of Certiorari...

39. The defendants' decision to terminate Nohelty's employment and/or employment contract s against the manifest weight of the evidence and/or is arbitrary, capricious and unreasonable for the reasons stated above.

40. Plaintiff is entitled to full enforcement of the employment contract by reinstatement to his position as the assistant superintendent and the payment of all salaries and benefits required under said contract.

WHEREFORE, plaintiff respectfully prays that this Honorable Court order the defendants to file the record of the proceedings along with their Answer to the complaint.

Plaintiff further requests that the Court hold a hearing on this matter and enter judgment in his favor and order any remedy allowed by law and equity.

## COUNT IV-<u>INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS</u>

41. Plaintiff realleges all of his allegations contained in paragraphs 1-36 above as his allegations contained in this paragraph.

42. As alleged above, defendants' conduct is extreme and outrageous.

43. As a direct and proximate result of defendants' conduct, plaintiff has suffered severe emotional distress.

44. In addition, plaintiff has been unable to find employment in any school district.

WHEREFORE, plaintiff respectfully prays that this Honorable Court conduct a trial on these allegations and enter a judgment in plaintiff's favor and against all defendants, jointly and severally, in an amount in excess of $250,000.00 plus costs.

Respectfully submitted,

S/ Steven E. Glink
Steven Glink

Steven Glink
Attorney for Plaintiff
3338 Commercial Avenue
Northbrook, Illinois 60062
847-480-7749 (voice)
847-480-9501 (facsimile)
E-Mail: steve@educationrights.com