IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. KEVIN J. NOHELTY,           )
                                )
          Plaintiff,            )
                                )
     v.                         )    No.  12 C 5594
                                )
LINCOLNWOOD SCHOOL DISTRICT     )
#74, et al.,                    )
                                )
          Defendants.           )

MEMORANDUM ORDER

Dr. Kevin Nohelty ("Nohelty") has filed a Verified Complaint against Lincolnwood School District #74 ("District") and four members of its Board of Education ("Board"), describing his multicount action in these terms (Complaint ¶1):

> This action is brought pursuant to 42 USC 1983 for the abuse of power by certain members of the Lincolnwood School District #74 who conspired to prosecute Kevin Nohelty on false charges of alleged misconduct as a means to terminate his valid employment contract a year before it expired.  There are also several pendent state claims.

This memorandum order is issued sua sponte in the discharge of this Court's threshold obligation as taught in Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)(internal citations and quotation marks omitted):

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed.  Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

Complaint ¶¶21 through 26 describe the procedure followed by defendants in terminating Nohelty's employment agreement as

District's Assistant Superintendent for Business: the issuance of a Bill of Particulars assertedly justifying dismissal (Complaint ¶¶22-23) and the conduct of a pre-termination hearing (id. ¶24), followed by a 4-0 vote by the defendant Board Members dismissing him as a District employee (id. ¶25) and terminating his renewed employment agreement (id. ¶26). Whether or not that termination was unjustified, as Nohelty claims, it plainly constituted the due process of law (the requirement prescribed by the Fourteenth Amendment) in procedural terms.

Nohelty says nothing about his pursuit of the further procedures provided by Illinois law--the right to judicial review--to correct any wrongful exercise of such administrative procedure. If he were to pursue such remedy unsuccessfully, the Rooker-Feldman doctrine precludes any federal remedy except by appeal to the United States Supreme Court (see, e.g., Commonwealth Plaza Condominium Ass'n v. City of Chicago, 2012 WL 3734354, at *2-*3 (7th Cir. Aug. 30)), and he cannot simply decide not to pursue his state court remedies by turning instead to the lower federal courts.

So much, then, for Nohelty's inability to invoke any claimed violation of procedural due process. And as for the much more limited concept of substantive due process stemming from an alleged wrongful termination of public employment, the discussion in Palka v. Shelton, 623 F.3d 487, 453 (7th Cir. 2010) torpedoes

any such claim.

In sum, this Court lacks subject matter jurisdiction over Complaint Count I, the only count in which Nohelty's counsel seeks to call upon a federally-based claim.  Hence Count I is dismissed, and that leaves Nohelty's other contentions--breach of contract (Count II), a petition for writ of certiorari or a complaint for administrative review (Count III)[1] and intentional infliction of severe emotional distress (Count IV)--without any federal anchor.  Those counts are therefore dismissed as well, but without prejudice to their potential reassertion in a state court of competent jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date:   September 18, 2012

---

[1] In light of what has been said earlier as to procedural due process, it is really bizarre to read Complaint ¶38's acknowledgment that the Board's action is indeed judicially reviewable under state law:

> By law, the defendants' decision is reviewable either under the Administrative Review Act or via a Petition for a Common Law Writ of Certiorari.